UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **United States of America**, | |
|    Plaintiff, | |
|    v. | No. 6:20-cv-1190 |
| **TM Express, Inc.**, | |
|    Defendant. | |

## The United States' Original Complaint

The United States of America brings this negligence action to recover for damages sustained as a result of a motor vehicle accident involving three tractor-trailers. For its complaint, the United States alleges as follows:

### The Parties

1. Plaintiff is the United States, acting through the Department of Justice and on behalf of the Army and Air Force Exchange Service (AAFES), a self-funded component of the Department of Defense that operates retail stores on U.S. Army and Air Force installations.

2. Defendant is TM Express, Inc. (TM Express), a Texas corporation that provides freight services. TM Express may be served with process through its registered agent, Gene Pilgrim, Jr., at 3942 Queens Court, Garland, Texas 75043.

### Jurisdiction and Venue

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

4. Venue is appropriate under 28 U.S.C. § 1391(b) because the motor vehicle accident at issue occurred in this judicial district.

### Statement of Facts

5. On February 14, 2019, AAFES employee Christopher Humbert was driving a 2018 Freightliner tractor pulling a Hyundai box trailer in the center lane of southbound Interstate Highway 35 (IH-35) between Waco and Temple.

6. The weather was clear, and the road was dry.

7. At approximately 2:49 a.m., Humbert encountered a 2019 International tractor owned by Estes Express Lines (Estes) and driven by Robert Lee Sillemon pulling a Great Dane box trailer and a Hyundai box trailer.

8. Humbert was behind the Estes tractor-trailer on a stretch of IH-35 with signs prohibiting tractor-trailers from operating in the left lane. Accordingly, Humbert slowed his vehicle to match Sillemon's speed of 62 mph. The posted speed limit was 75 mph.

9. Shortly thereafter, Sillemon began to slow the Estes tractor-trailer in a series of three speed reductions in less than a minute—first from 62 mph to 55 mph, then from 55 mph to 44 mph, and eventually from 44 mph to a complete stop.

10. Unable to safely pass Sillemon, Humbert also decreased the speed of the AAFES tractor-trailer, coming to a stop behind the Estes tractor-trailer in the center lane.

11. Both vehicles had their hazard lights illuminated during their deceleration and kept those lights on after stopping.

12. As the Estes and AAFES tractor-trailers were slowing, and immediately after they stopped in the center of the highway, at least seven other vehicles—including four tractor-trailers—safely passed them at reduced speeds. At least two of the passing tractor-trailers also had their hazard lights illuminated.

13. At approximately 2:52 a.m., 40 seconds after the Estes and AAFES tractor-trailers had come to a stop, a 2018 Volvo tractor owned by TM Express and driven by John Davis pulling a Hyundai box trailer struck the rear of the AAFES tractor-trailer at a high rate of speed.

14. The force of this collision pushed the AAFES tractor-trailer into the rear of the Estes tractor-trailer. The AAFES tractor-trailer then jack-knifed to the right, with debris and cargo spilling out onto the right lane of the highway.

15. Prior to striking AAFES' tractor-trailer, Davis made no attempt to avoid a collision by slowing or stopping his vehicle, which was traveling at 63 mph. Data from the TM Express tractor-trailer indicates that the vehicle's forward-looking radar deployed the automatic braking system approximately 0.5 seconds prior to impact.

16. After striking the AAFES tractor-trailer, the TM Express vehicle came to rest on the right-hand shoulder with all lights off. Davis, who was not wearing his seatbelt, was thrown from the vehicle and died at the scene.

17. Humbert was transported to the hospital for injuries to his back, neck, head, and forehead. Humbert was unable to return to work for a period following the accident, during which time he received federal workers' compensation benefits.

18. The Texas Peace Officer's Crash Report identifies the cause of the accident as Davis' failure to control speed.

## Cause of Action

19. Defendant TM Express and its agent Davis owed plaintiff United States of America, its agent Humbert, and others a duty of care to operate the TM Express tractor-trailer in a safe and prudent matter.

20. Davis was careless, reckless, and negligent in the operation of the TM Express tractor-trailer in that he failed to control his speed, failed to stop his vehicle prior to the collision, failed to keep a proper lookout, and failed to exercise due care.

21. Davis acted in a manner that was negligent per se by, among other things, failing to control the speed of the TM Express tractor-trailer as necessary to avoid a collision, Tex. Transp. Code § 545.351, and driving in willful or wanton disregard of the safety of other persons or property, *id.* § 545.401.

22. At the time of the collision, Davis was an employee of TM Express acting within the course and scope of his employment. As a result, TM Express is vicariously liable for the negligent acts or omissions of Davis described herein.

23. As the direct and proximate cause of Defendant TM Express and Davis' negligence, the United States suffered damage to its property and was forced to pay federal workers' compensation benefits to Humbert.

Wherefore, plaintiff United States of America prays for judgment in its favor and against defendant TM Express for actual damages in an amount to be proven at trial, plus pre- and post-judgment interest, costs, and any such other relief as the Court deems just and proper.

                                Respectfully submitted,

                                **Gregg N. Sofer**
                                United States Attorney

By:   */s/ Thomas A. Parnham, Jr.*
       **Kristina S. Baehr**
       Assistant United States Attorney
       Texas State Bar No. 24080780
       **Thomas A. Parnham, Jr.**
       Assistant United States Attorney
       New York Bar No. 4775706
       903 San Jacinto, Suite 334
       Austin, Texas 78701
       (512) 916-5858 (phone)
       (512) 916-5854 (fax)
       Kristina.Baehr@usdoj.gov
       Thomas.Parnham@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
TM EXPRESS, INC.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Tarrant County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kristina Baehr and Thomas Parnham, U.S. Attorney's Office, 903 San Jacinto, Suite 334, Austin TX 78701

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [x] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1345

Brief description of cause:
Damage to government property and payment of federal benefits as a result of defendant's negligence

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 12/29/2020

SIGNATURE OF ATTORNEY OF RECORD: THOMAS PARNHAM
Digitally signed by THOMAS PARNHAM
Date: 2020.12.29 10:20:06 -06'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.  Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.